P. S. RIVERA *v.* FELECIANO RAGONTON AND MACARIO CASTILLIO, DEFENDANTS; KEKAHA SUGAR COMPANY, GARNISHEE.

No. 2071.

ARGUED SEPTEMBER 14, 1932.     DECIDED SEPTEMBER 20, 1932.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This case is here on exceptions. The plaintiff brought an action in assumpsit against Feleciano Ragonton and Macario Castillio in the district court of Waimea, County of Kauai, and recovered judgment. The defendant Ragonton gave due notice of appeal to the circuit court and also, within the statutory period, deposited with the magistrate the sum of twenty dollars as security for costs to accrue in that court in the event he was there defeated. In addition to this amount he paid, also within the statutory period, the sum of $5.20. Of this amount $1.20 was for "appeal costs" and the balance for "accrued costs" in the district court. When the case was called for trial in the circuit court the parties announced "ready" and the plaintiff (the appellee in the circuit court) was introduced as a witness and examined and cross-examined on the merits of his claim. At the conclusion of his testimony his counsel moved to dismiss the appeal on the ground that the accrued costs in the district court had not been fully paid within the time provided by the statute and therefore the circuit court was without jurisdiction to hear and determine the cause. The motion was sustained and the appeal was dismissed. The defendant (the appellant in the circuit court) excepted to this ruling and has brought the matter here for review.

The first question to be determined is whether the sum of four dollars which the appealing defendant gave to the magistrate in payment of the accrued costs was sufficient for that purpose. The plaintiff contends that the following items and amounts comprise such costs and that the sum of four dollars was insufficient for their payment: Two summonses, $2; three adjournments, 75¢; five orders, 50¢; filing six papers, 60¢; rendering judgment, $1; certificate of judgment, 50¢, or a total of $5.35.

Regarding the first item. Section 2541, R. L. 1925, which contains the schedule of costs in district courts provides: "For every summons, warrant, attachment or other process issued by any district court magistrate or clerk, one dollar." It is contended by the plaintiff that in the instant case two summonses were issued by the magistrate, one to the defendants and one to the Kekaha Sugar Company, as garnishee. It is true that the summons included the garnishee as well as the defendants, but it was in reality only one summons. The mere fact that the sheriff was directed to serve it on the garnishee as well as on the defendants does not make it two summonses any more than it makes it three because there were two defendants to be served instead of one. Only one dollar therefore, and not two dollars, was taxable as accrued costs on this item.

The next item in dispute is one relating to the filing of papers. The statute referred to provides: "For filing any paper at the request of any party, ten cents." It is contended by the plaintiff that the following six papers were filed and taxable as costs under this provision—declaration, garnishee summons, plaintiff's Exhibit "A" (note), judgment, notice of appeal, certificate of appeal. This contention is obviously sound so far as the declaration and the exhibit are concerned. We think it is not sound so far as the other items are concerned. After a declaration is filed the filing of the summons that is issued by the magistrate is not the filing of a paper at the request of any party within the meaning of the statute. The issuance of the summons is expressly made an item of costs but the mere placing of the summons on file cannot be said to have been at the request of a party. It is an act done by the magistrate or his clerk *ex mero motu* and not by request. It is only the filing of papers which are requested by a party

to be filed that is chargeable as costs. If such papers are necessary to be filed without request their filing is not so chargeable.

So far as the judgment is concerned, no paper showing the judgment was filed in the instant case. The magistrate rendered and entered judgment in what is called a register or docket and for this one dollar was taxable as costs, but that cannot be considered the filing of a paper within the meaning of the statute.

So far as the filing of notice of appeal is concerned, the charge of ten cents, authorized by the statute, was included in the $1.20 paid by the appellant for "appeal costs" and its payment a second time was, of course, not required.

The certificate of appeal and the notice of appeal are both on one paper, consequently only one paper was filed. The fact that the paper embodied two items instead of one did not require the appealing party to pay the costs of filing two papers.

Another item which the appellee claims is chargeable as accrued costs is the issuance of a certificate of judgment. It appears from the testimony of the magistrate that a certificate of judgment was issued. It does not appear, however, to whom or at whose request it was issued. Assuming, but not deciding, that it was properly issued the statute, which provides that "for every transcript or certificate of judgment issued, fifty cents," makes it a part of the accrued costs. Including this item the total amount of accrued costs which the defendant was required to pay was $3.95. He paid four dollars, which was slightly more than sufficient.

We are requested by the defendant to decide two other questions that were argued. Inasmuch, however, as the defendant paid the accrued costs required by the statute these questions do not arise and it is unnecessary

522

to say anything about them.

For the foregoing reasons the exceptions are sustained. The judgment of the circuit court is set aside and the case is remanded with instructions to overrule the motion to dismiss the appeal.

*O. P. Soares* (also on the brief) for plaintiff.

*R. W. Anderson* (*P. L. Rice* with him on the briefs) for defendant.

